**FARNAES & LUCIO, APC**
Malte L. L. Farnaes (SBN 222608)
Christina M. Lucio (SBN 253677)
Mitchell J. Murray (SBN 285691)
2235 Encinitas Blvd., Suite 210
Encinitas, CA 92024
Phone: (760) 942-9430 / Fax: (760) 452-4421

**HARTLEY, LLP**
Jason S. Hartley (SBN 192514)
Jason M. Lindner (SBN 211451)
101 W. Broadway, Suite 820
San Diego, CA 92101
Phone: (619) 400-5822 / Fax: (619) 400-5832

Attorneys for Plaintiffs Steve Johnson and Scott Sollitt,
on behalf of themselves and all others similarly situated

[Additional Counsel on next page]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JOHNSON and SCOTT SOLLITT, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendants. | Case No.: 19-cv-00286-JSL-LL<br><br>**SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages<br>2. Failure to Pay Overtime Wages<br>3. Failure to Pay Earned Commissions<br>4. Failure to Provide Meal Periods<br>5. Failure to Authorize and Permit Paid Rest Periods<br>6. Failure to Timely Pay Wages at Separation<br>7. Failure to Provide Accurate Itemized Wage Statements<br>8. Violation of Unfair Competition Law, Bus. & Prof. Code 17200, *et seq*.<br>9. Civil Penalties Pursuant To The Private Attorneys General Act of 2004, Labor Code § 2698, et seq. |

**DEMAND FOR JURY TRIAL**

**HAFFNER LAW PC**
Joshua H. Haffner (SBN: 188652)
jhh@haffnerlawyers.com
Graham G. Lambert (SBN: 303056)
gl@haffnerlawyers.com
445 S. Figueroa Street, Suite 2625
Los Angeles, CA 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

**STEVENS LC**
Paul D. Stevens (SBN: 207107)
pstevens@stevenslc.com
700 S. Flower Street, Suite 660
Los Angeles, CA 90071
Telephone: (213) 270-1211
Facsimile: (213) 270-1223

Attorneys for Plaintiff
JAMES LOUD,
on behalf of himself and all
others similarly situated

SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Steve Johnson, Scott Sollitt, and James Loud ("Plaintiffs"), by and through counsel, bring this wage and hour class action against their former employer, Defendant U.S. Bank National Association ("Defendant" or "US Bank"), on behalf of themselves and other current and former employees who are similarly situated, and alleges as follows:

## I.   <u>INTRODUCTION</u>

1.      This class action arises from US Bank's use of policies which result in the failure to pay minimum wage for all hours worked under California Labor Code sections 1194 and 1197[1]; failure to pay overtime wages for all hours worked in excess of eight hours in a workday and 40 hours in a workweek under section 510; failure to pay commissions; failure to provide meal periods under California Labor Code sections 512, 226.7, and the applicable wage order; failure to authorize and permit <u>paid</u> rest periods under section 226.7 and the applicable wage order; failure to pay all wages owed upon separation under sections 201, 202, and 203; failure to provide accurate, itemized wage statements under 226; and unfair business practices under Business and Professions Code section 17200.

2.      Plaintiff Johnson, Plaintiff Sollitt, and Plaintiff Loud were employed with US Bank in California from December 2011 to September 2018, March 2011 to March 2016, and May 2015 to March 2018 respectively, as non-exempt Mortgage Loan Originators ("MLO"). Plaintiffs bring this action as individuals and on behalf of all persons currently or formerly employed by US Bank in California as non-exempt employees, paid on a commission basis any time during the four years before the filing of this Complaint through the time of trial (the "Class").

3.      For at least four years preceding the filing of this action, US Bank has willfully committed violations of the California Labor Code and applicable wage orders. Plaintiffs and other MLOs have suffered common financial harm as US Bank

---

[1] Undesignated statutory references are to the California Labor Code.

violated and continues to violate: (1) the California Labor code, including but not limited to sections 201, 202, 203, 204, 221-224, 226, 226.7, 510, 512, 1194, 1197, and 2751 (2) applicable California Industrial Wage Commission ("IWC") Wage Orders; and (3) the Unfair Competition Law ("UCL") codified by in the Business and Professions Code § 17200, et seq.

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part by 28 U.S.C. 1332(d).

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 because Defendant (i) is subject to personal jurisdiction in this District, and/or (ii) committed wrongful conduct against certain members of the Class in this district.

## III.    THE PARTIES

6.    Plaintiff Johnson is a resident of San Jose, California and was employed by US Bank from September 2011 to August 2018 as a MLO at US Bank's Campbell Branch.

7.    Plaintiff Sollitt is a resident of Livermore, California and was employed by US Bank from March 2011 to March 2016 as a MLO at US Bank's Livermore Branch.

8.    Plaintiff Loud was, at all relevant times, a resident and citizen of the State of California. Plaintiff Loud was employed by Defendant as a mortgage broker or loan originator in Orange County, State of California, during the Class period as alleged herein.

9.    Defendant US Bank is a nationally chartered banking association, with a headquarters in Cincinnati, Ohio.

10.    Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, US Bank was qualified to do business and actually does business in the State of California. US Bank operates an industry, business, and establishment

in numerous geographic locations within the State of California for the purpose of, among other services, mortgage and financial services within the State of California. Therefore, US Bank is subject to the Labor Code as well as Business and Professions Code section 17200, *et seq.*

11.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.    FACTUAL ALLEGATIONS

12.    At all times during the liability period, US Bank has conducted business by providing, among other services, mortgage and financial services within the State of California.

13.    US Bank employed Plaintiffs to perform services as Mortgage Loan Originators, also known as Mortgage Loan Officers.

14.    US Bank classifies MLOs as non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

15.    Defendant currently employs and during the relevant period has employed hundreds MLOs and other employees compensated on a commission basis in the State of California.

16.    Plaintiffs and the Class' compensation is governed, in part, by US Bank's Business Line Incentive Plan Draw with Commission (the "Plan"). Under the Plan, Plaintiffs and MLOs are paid a recoverable draw on a bi-weekly basis against advances on commissions based on loans and other transactions funded.

17.    Under the Plan, if an employee involuntarily separates from employment with the company or voluntarily resigns without providing 2-weeks'

notice, the employee may only be paid commissions on those loans or other transactions funded as of the employee's termination date. In other words, regardless of whether all the work necessary for the loan to be funded is completed by the employees' termination date and no additional work is needed for the loan to be funded, the loan must actually be funded on or before the employee's terminate date in order to be eligible to receive the commission. If the loan is not funded by the termination date, the employee forfeits the commission.

18.    In addition, if an employee voluntarily resigns with 2-weeks' notice, the employee may only be paid commissions for loans or other transactions that fund during the 2-week notice period, even if the company accelerates the employee's termination date. In other words, regardless of whether all the work necessary for the loan to be funded is completed by the 2-week notice period and no additional work is needed for the loan to be funded, the loan must actually be funded on or before the 2-week notice period in order to be eligible to receive the commission. If the loan is not funded by the 2-week notice period, the employee forfeits the commission.

19.    Plaintiffs and the Class were paid on a commission basis and not paid for all hours worked, including time spent performing non-sales activities and rest periods.

20.    Plaintiffs are informed and believe, and based thereon allege, that US Bank failed to maintain necessary records, failed to monitor and record time and tasks showing when Plaintiffs and the Class engaged in non-sales activities including sales meetings and training.

21.    During the relevant period, Plaintiffs and members of the Class were required to work in excess of five hours per day without being provided a 30-minute uninterrupted meal period and in excess of ten hours per day without being provided a second 30-minute uninterrupted meal period.

22.     As a result of US Bank's policies as well as productivity requirements and work schedules implemented and enforced by US Bank, Plaintiffs and members of the Class were often unable to take off duty meal periods and/or were not fully relieved of their duties for legally required meal periods.

23.     In addition, US Bank failed to pay one additional hour of pay at the employee's regular rate of pay for each workday that the meal period was not provided.

24.     During the relevant period, Plaintiffs and the Class were not authorized and permitted to take a paid rest period for every four hours or major fraction thereof.

25.     In addition to failing to pay Plaintiffs and the Class Members for time on rest periods, US Bank did not relieve Plaintiffs and the Class of all duties during rest periods nor did it relinquish control over how Plaintiffs and the Class spent their break time.

26.     As a result of US Bank's compensation plan, Plaintiffs and the Class were not separately compensated for legally required rest periods in violation of *Blueford v. Safeway Stores, Inc.* (2013) Cal.App.4th 864 and Vaquero *v. Stoneledge Furniture, LLC* (2017) 9 Cal.App.5th 98.

27.     In addition, Plaintiffs and the members of the Class were not paid one additional hour of pay at the employee's regular rate of pay for each workday that the rest period was not provided.

28.     On information and belief, Defendant knew or should have known that it is improper and unlawful to commit the following acts:

a.     failing to pay wages for all hours worked, including non-productive time;

b.     failing to authorize and permit a paid ten-minute rest period for every four hours worked or a major fraction thereof;

c.      failing to compensate employees with one hour of pay at the regular rate of pay for each workday that a legally complaint rest period was not provided;

d.      failing to separately compensate employees for legally required rest periods;

e.      requiring employees to work in excess of five hours per day without providing a 30-minute uninterrupted meal period;

f.      failing to compensate employees with one hour of pay at the regular rate of pay for each workday that a timely, compliant meal period was not provided;

g.      failing to pay all wages due and owing upon separation from Defendant's employ; and

h.      failing to provide accurate, itemized wage statements.

29.    Plaintiffs are informed and believe, and thereon allege, that Defendant is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws. Accordingly, Plaintiffs is informed and believes that such violations during the liability periods were willful and deliberate.

///
///
///

## V.    CLASS ACTION ALLEGATIONS

30.    Plaintiffs bring this action on behalf of themselves and all others similar situated as a class action pursuant to Federal Rules of Civil Procedure 23. Plaintiffs seek to represent a Class composed of and defined as follows:

All persons currently or formerly employed by Defendant in California as non-exempt employees, paid on a commission basis at any time during the

four years before the filing of this Complaint through the time of trial (the "Class").

31.     Plaintiffs are members of the Class and each of the subclasses set forth herein.

32.     Plaintiffs seek to represent a subclass of US Bank employees who were not paid at least minimum wage for each hour worked as mandated by California law (the "Minimum Wage Subclass"):

> All members of the Class who were not paid at least minimum wage for each hour worked.

33.     Plaintiffs seek to represent a subclass of US Bank employees who were not paid at least one and one-half times the employee's regular rate of pay for all overtime hours worked as mandated by California law (the "Overtime Subclass"):

> All members of the Class who were not paid at least one and one-half times the Class Member's regular rate of pay for each overtime hour worked.

34.     Plaintiffs seek to represent a subclass of US Bank employees who were not paid earned commissions as mandated by California law (the "Unpaid Commission Subclass"):

> All members of the Class who were not paid for all commissions earned.

///

35.     Plaintiffs seek to represent a subclass of US Bank employees who were not authorized and permitted to take paid rest periods as mandated by California law (the "Rest Period Subclass"):

> All members of the Class who were not authorized and permitted to take a paid rest period every four hours worked or major fraction thereof.

36.     Plaintiffs seek to represent a subclass of US Bank employees who were not paid one additional hour of pay at their regular rate of pay for each workday a paid rest period was not provided as mandated by California law (the "Rest Period Penalty Subclass"):

> All members of the Class who were not paid one additional hour of pay at the Class Member's regular rate of pay for each workday that a paid rest period was not provided.

37.     Plaintiffs seek to represent a subclass of US Bank employees who were not separately paid for legally required rest periods as mandated by California law (the "Paid Rest Period Subclass"):

> All members of the Class who were not separately paid for rest periods.

38.     Plaintiffs seek to represent the following subclass of US Bank employees who were not provided first meal periods as mandated by California law (the "First Meal Period Subclass"):

> All members of the Class who were not provided a compliant, timely meal period for each day in which the Class Member worked in excess of five hours in a workday.

///

///

///

39.     Plaintiffs seek to represent the following subclass of US Bank employees who were not provided second meal periods as mandated by California law (the "Second Meal Period Subclass"):

SECOND AMENDED CLASS ACTION COMPLAINT

All members of the Class who were not provided a compliant, timely second meal period for each day in which the Class Member worked in excess of tens hours in a workday.

40.     Plaintiffs seek to represent a subclass of US Bank employees who were not paid one additional hour of pay at their regular rate of pay for each workday a meal period was not provided as mandated by California law (the "Meal Period Penalty Subclass"):

All members of the Class who were not paid one additional hour of pay at the Class Member's regular rate of pay for each workday that a meal period was not provided.

41.     Plaintiffs seek to represent the following subclass of US Bank employees who were not paid all wages upon termination or resignation as mandated by California law (the "Waiting Time Subclass"):

All members of the Class who separated from employment with Defendant and who were not timely paid all wages due to them upon termination or resignation.

42.     Plaintiffs seek to represent the following subclass of US Bank employees who were not provided accurate itemized wage statements as mandated by California law (the "Wage Statement Subclass"):

All members of the Class who were not provided accurate itemized wage statements.

43.     Plaintiffs seek to represent the following sub-classes of US Bank employees:

All members of the Class who (1) were subject to unlawful, illegal, unfair and/or deceptive business acts and/or practices by Defendant and (2) are entitled to restitution of unpaid wages.

44.    Plaintiffs reserve the right to amend or modify the class description to provide greater specificity or to further divide the Class into subclasses or limit the subclasses to particular issues as appropriate.

45.    <u>Numerosity</u>: The proposed class is so numerous that joinder of all such persons is impracticable. While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class is estimated to include approximately several hundred or more US Bank employees.

46.    <u>Ascertainable Class</u>: The proposed class is easily ascertainable. The number and identity of the class members are determinable from US Bank's payroll records as are the time records for each employee, and the hourly rates for each employee.

47.    <u>Commonality</u>: There are common questions of law and fact involving and affecting the putative Class Members. The questions of law and fact common to the putative Class Members predominate over questions that may affect individual putative Class Members, including but not limited to the following:

a.    Whether US Bank violated Labor Code sections 1194 and 1197, the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to pay members of the Class at least minimum wage for all hours worked including non-sales activities;

b.    Whether US Bank violated Labor Code sections 1194, 1192, 226, the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to monitor and record time and tasks showing when members of the proposed Class engaged in non-sales activities including sales meetings and training;

c.    Whether US Bank violated Labor Code section 510 and the applicable IWC Wage Orders by failing to pay members of the Class at least one and one-half times the employee's regular rate of pay

for each hour worked in excess of eight hours in one workday, forty hours in one workweek, or the first eight hours worked on the seventh day of work in any one workweek;

d. Whether US Bank violated Labor Code sections 204, 221, 223, 224 and the applicable IWC Wage Orders by failing to pay members of the Class for all commissions earned;

e. Whether US Bank violated Labor Code section 204, and the applicable IWC Wage Orders by failing to timely pay members of the Class for all commissions earned;

f. Whether US Bank violated Labor Code sections 226.7 and the applicable IWC Wage Orders by failing to authorize or permit lawful paid rest periods to members of the Class for every four hours worked or major fraction thereof and/or by failing to compensate those employees one additional hour of pay at the employee's regular rate of pay for each workday that a lawful paid rest period was not authorized and permitted;

g. Whether US Bank violated Labor Code sections 226.7 and the applicable IWC Wage Orders by failing to separately compensate members of the Class for rest periods;

h. Whether US Bank violated Labor Code sections 226.7, 512 and the applicable IWC Wage Orders by failing to provide lawful, compliant meal periods to members of the proposed class for work periods in excess of five hours and/or ten hours and failing to compensate those employees one additional hour of pay at the employee's regular rate of pay for each workday that a lawful, complaint meal period was not provided;

SECOND AMENDED CLASS ACTION COMPLAINT

i.      Whether US Bank violated Labor Code sections 201 through 203 by failing to pay all earned wages including commissions, minimum wages, and meal and rest premium wages due and owing at the time any putative Class Member's employment with US Bank terminated (or within 72 hours as the case may be);

j.      Whether US Bank violated Labor Code section 226 and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of employees' earned wages, regular rates of pay, work periods, rest and meal periods, and deductions;

k.      Whether US Bank violated the California Unfair Competition Laws, Cal. Bus. & Prof. Code section 17200 et seq., by failing to pay minimum wages for all hours worked; by failing to pay lawful overtime wages; by failing to pay earned commissions; by failing to authorize and permit lawful, paid rest periods; by failing to provide lawful meal periods; by failure to provide accurate, itemized wage statements; and by failing to pay all wages due and owing upon separation.

l.      Whether US Bank's conduct was willful.

48.     Typicality: The claims of Plaintiffs are typical of the claims which could be alleged by members of the proposed Class, and the relief sought by Plaintiffs is typical of the relief which would be sought by members of the proposed Class in individual actions. All putative Class Members were subject to the same compensation plans and practices of US Bank. US Bank's practices affect all putative Class Members similarly, and US Bank benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs and members of the proposed Class sustained similar losses, injuries and damages arising from the same unlawful, policies, practices, and procedures.

49.   <u>Adequacy of Representation</u>: Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

50.   <u>Superiority</u>: The common questions of law and fact, as identified above, predominate over any pertinent questions involving only individual Class Members, which will relate solely to the quantum of relief due to individual Class Members. A class action is superior to the other available means for the fair and efficient adjudication of this controversy because:

a.   Common issues of law and fact, as identified above, substantially diminish the interest of Class Members in individually controlling the prosecution of separate actions;

b.   A class action can be managed with efficiency and without undue difficulty because Defendant's violations complained of herein have impacted the members of the proposed class uniformly; and

c.   Individual damages to any one class member may be relatively small, making the expense of individual litigation prohibitive or impracticable for any individual class member.

///
///
///
///

# VI.   CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Failure to Pay Minimum Wages
Labor Code § 1194, 1197 and IWC Wage Order

(Against All Defendants)

51.     Plaintiffs incorporate the above allegations as though fully set forth herein.

52.     Pursuant to Labor Code sections 1194, 1197 and the applicable IWC Wage Orders, an employee receiving less than the applicable legal minimum wage for each hour worked is entitled to recover in a civil action the unpaid balance of the full amount of the legal minimum wage, including interest thereon, and reasonably attorneys' fees, and costs of suit.

53.     Pursuant to Labor Code section 1194.2, in any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

54.     Under the Plan, Plaintiffs and members of the Class are paid a recoverable draw on a bi-weekly basis against advances on commissions based on loans and other transactions funded.

55.     Defendant failed to pay Plaintiffs, and on information and belief, the other members of the Class, at least minimum wage for all hours worked, including time spent performing non-sales activities and rest periods in violation of Labor Code sections 1194, 1197, the applicable IWC Wage Orders, *Blueford v. Safeway Stores, Inc.* (2013) Cal.App.4th 864 and *Vaquero v. Stoneledge Furniture, LLC (2017)* 9 Cal.App.5th 98.

///

56.     Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the Class were not separately compensated for time spent performing non-sales activities including without limitation for meetings, trainings and rest periods.

- 15 -

SECOND AMENDED CLASS ACTION COMPLAINT

57.   Defendant's unlawful acts deprived Plaintiffs and the proposed Class of minimum wages in an amount to be determined at trial, and they are entitled to recover these amounts, along with liquidated damages, interest, attorneys' fees, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

Labor Code §§ 510, 1194 and IWC Wage Order

(Against All Defendants)

58.   Plaintiffs incorporate the above allegations as though fully set forth herein.

59.   Pursuant to California Labor Code sections 510, 1194, and the applicable IWC Wage Order, any work in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek must be compensated at the rate of no less than one and one-half times the employee's regular rate of pay. An employee receiving less than the applicable legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of the legal overtime compensation, including interest thereon, and reasonably attorneys' fees, and costs of suit.

60.   Defendant failed to pay Plaintiffs and, upon information and belief the Class Members, one and one-half times the employee's regular rate of pay for each overtime hour worked.

///

61.   Plaintiffs are informed and believe, and thereon allege, that Defendant failed to properly calculate the regular rate of pay for purpose of overtime resulting in underpayment of overtime wages.

SECOND AMENDED CLASS ACTION COMPLAINT

62.     Plaintiffs are further informed and believe, and thereon allege, that Defendant deducted earned overtime wages from commissions advanced resulting in the nonpayment of overtime wages.

63.     Defendant's unlawful acts deprived Plaintiffs and the proposed Class of overtime compensation in an amount to be determined at trial, and they are entitled to recover these amounts, along with liquidated damages, interest, attorneys' fees, and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Pay Earned Commissions**

Labor Code § 204, 221, 223, and IWC Wage Order

(Against All Defendants)

64.     Plaintiffs incorporate the above allegations as though fully set forth herein.

65.     Plaintiffs and the Class Members earned commission wages within the meaning of Labor Code sections 200 and 204.1.  Under the Plan, Plaintiffs and members of the Class are paid commissions on loans and other transactions funded.

66.     Defendant has knowingly, intentionally and willfully failed and refused to pay to Plaintiffs and Unpaid Commission Subclass members the full and complete amount of the commissions they earned.

67.     Defendant has operated under and continues to operate under a common policy and plan of failing and refusing to pay full earned commissions through the operation the Plan.

68.     Plaintiffs and the Class Members entered into written commission contracts (the Plan) with Defendant.

69.     Plaintiffs and the members of the Unpaid Commission Subclass have performed all of the duties and obligations required of them by Defendant to receive

- 17 -

commissions.  Plaintiffs and the subclass members have met all lawful conditions precedent to the earning of commissions.

70.     Defendant failed to pay Plaintiffs, and upon information and belief the Class Members, earned commissions on loans and other transactions where there was no additional work needed to fund the loan or other transaction prior to the employee's termination.

71.     Defendant failed to pay Plaintiffs, and upon information and belief the Class Members, a minimum of $700 for each qualified loan or other transaction funded as required by the Plan.

72.     All such commissions constitute earned wages and must be timely paid as required by Labor Code section 204.

73.     Defendant's failure to pay such commissions constitutes an unlawful forfeiture or deduction, and employees are entitled to payment pursuant to Labor Code section 221, 223, and 2751.

74.     To the extent Defendant relies upon the two week notice provision in the Plan to deprive subclass members of commissions, this provision is void and enforceable under Labor Code sections 221, 223, and 2751.

75.     Labor Code Section 221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." California's Industrial Welfare Commission Wage Orders prohibit employers from using earned wages to offset ordinary business costs.

76.     Defendant's use of the Plan to avoid paying earned commissions constitutes unlawful withholdings or deductions of earned wages in violation of Section 221.

77.     Labor Code Section 223 states: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly

SECOND AMENDED CLASS ACTION COMPLAINT

pay a lower wage while purporting to pay the wage designated by statute or by contract."

78.    Further, Defendant secretly underpays commission wages while purporting to follow the commission rates designated by contract in violation of Section 223.

79.    Defendant's unlawful acts deprived Plaintiffs and the proposed Class of earned commissions in an amount to be determined at trial, and they are entitled to recover these amounts, along with liquidated damages, interest, attorneys' fees, and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Provide Meal Periods or Compensation in Lieu Thereof**

Labor Code §§ 226.7, 512 and IWC Wage Order

(Against All Defendants)

80.    Plaintiffs incorporate the above allegations as though fully set forth herein.

81.    Pursuant to California Labor Code sections 226.7, 512, and the applicable IWC Wage Order, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with an uninterrupted meal period of not less than thirty minutes, except that if the total work period per day of the employee is not more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.

82.    A second meal period of not less than thirty minutes is required if an employee works more than ten hours per day, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee but only if the first meal period was not waived.

83.   If an employer fails to provide an employee a meal period, the employer must pay one additional hour of pay at the employee's regular rate of pay for each workday that the meal period is not provided.

84.   Plaintiffs and members of the Class were required to work in excess of five hours per day without being provided a 30-minute uninterrupted meal period.

85.   Further, US Bank failed to provide Plaintiffs and other members of the Class with a second 30-minute meal period for each workday in which they worked more than ten hours and purportedly waived their first meal period.

86.   In addition, as a result of US Bank's policies and procedures implemented and enforced by US Bank, Plaintiffs and members of the Class were often not provided lawful, legally compliant off duty meal periods and/or were not fully relieved of their duties for meal periods for at least thirty uninterrupted minutes.

87.   Plaintiffs are informed and believe, and thereon allege, that Defendant failed to pay one additional hour of pay at the employee's regular rate of pay for each workday that a lawful meal period was not provided.

88.   Defendant's unlawful acts deprived Plaintiffs and the Class of premium wages and/or other compensation in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

Labor Code §§ 226.7 and IWC Wage Order

(Against All Defendants)

89.   Plaintiffs incorporate the above allegations as though fully set forth herein.

90.   The applicable IWC Wage Order also requires employers to authorize and permit employees to take a net 10-minute rest period for every four hours

SECOND AMENDED CLASS ACTION COMPLAINT

worked for major fraction thereof, which insofar as practicable shall be taken in the middle of each work period.

91.   The applicable IWC Order further requires an employer who fails to authorize and permit an employee to take a rest period to pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided.

92.   As a result of US Bank's compensation plan, Plaintiffs and members of the Class were not authorized or permitted to take a lawful <u>paid</u> rest period for every four hours worked or major fraction thereof.

93.   In addition, on shifts of greater than ten hours, Plaintiffs and the members of the Class were not authorized or permitted to take a third lawful <u>paid</u> rest period.

94.   Defendant did not relieve Plaintiffs and other members of the Class of all duties during rest periods and did not relinquish control over how they spent their rest periods.

95.   Plaintiffs are informed and believe, and thereon allege, that Defendant did not pay one additional hour of pay at the employee's regular rate of pay for each workday that a lawful <u>paid</u> rest period was not provided.

96.   Accordingly, Defendant failed to provide paid rest periods for every four (4) hours or major fraction thereof worked per day and failed to provide separate compensation for these rest periods.  By these failures, Defendant willfully violated the provisions of section 226.7, and the applicable IWC Wage Orders.

97.   Defendant's unlawful acts deprived Plaintiffs and the Class of wages, premium wages and/or other compensation in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs of suit.

///

# SIXTH CAUSE OF ACTION

## Failure to Timely Pay Wages Due at Termination

Labor Code §§ 201-203

(Against All Defendants)

98.     Plaintiffs incorporate the above allegations as if fully set forth herein.

99.     Sections 201 and 202 of the California Labor Code require Defendant to pay its employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

100.   The employment of Plaintiffs and other members of the Waiting Time Subclass has terminated and US Bank has not paid all wages owed as required by law.

101.   Plaintiffs and the Waiting Time Subclass were entitled to compensation for all forms of wages earned, including, but not limited to, minimum wages, overtime, premium compensation for non-provided meal periods and non-provided rest periods, and commissions, but did not receive such compensation upon termination or immediately upon completion of the condition precedent for commissions not yet earned at the time of termination.

102.   More than 30 days have passed since Plaintiffs and other members of the Waiting Time Subclass have left US Bank's employ, and on information and belief, have not received payment pursuant to Labor Code sections 201, 202, and 203. As a result of US Bank's willful conduct in not paying all earned wages, Plaintiffs and Waiting Time Subclass members are entitled to 30 days' wages as a premium wage or penalty under Labor Code section 203.

///

///

**SEVENTH CAUSE OF ACTION**

**Failure to Provide Accurate, Itemized Wage Statements**

Lab. Code § 226(a)

(Against All Defendants)

103.   Plaintiffs incorporate the above allegations as if fully set forth herein.

104.   Section 226(a) of the California Labor Code requires Defendant to itemize in wage statements all deductions from payment of wages and to accurately report, among other things, the total hours worked by Plaintiffs and the members of the proposed Class, and all hourly wage rates earned, the number of pieces completed, the pay per piece, the basis for commissions paid.

105.   Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements provided to Plaintiffs and members of the proposed Class because, among other reasons, the wage statements failed to accurately set forth all wages earned, including minimum wages, commissions earned, and premium wages for non-provided meal and rest periods.

106.   As a consequence of Defendant's knowing and intentional failure to comply with Labor Code § 226(a), Plaintiffs and other members of the Wage Statement Class are entitled to actual damages or penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b), together with interest and attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

**Violation of Unfair Competition Law**

Cal. Bus. & Prof. Code §§ 17200, et. seq.

(Against All Defendants)

107.   Plaintiffs incorporate the above allegations as if fully set forth herein.

108.   By reason of US Bank's uniform conduct applicable to Plaintiffs and other Class members, US Bank committed acts of unfair competition in violation of

SECOND AMENDED CLASS ACTION COMPLAINT

the California Unfair Competition Law, Cal. Bus. & Prof Code § 17200, et seq. (the "UCL"), as set forth herein.

109.   The conduct of US Bank, as further alleged herein, constitutes false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Bus. & Prof. Code section 17200, et seq.

110.   As a result of US Bank's unlawful and/or unfair and/or fraudulent acts, US Bank has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs and other members of the Class. US Bank should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiffs and the class members the wrongfully withheld wages, to provide the employees restitution for the withholding and for the delay in receiving the compensation for overtime and premium wages due, pursuant to Bus. & Prof. Code section 17203.

## NINTH CAUSE OF ACTION

### Violation of Unfair Competition Law

### VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE § 2698, ET SEQ.

(Against All Defendants)

111.   Plaintiff incorporates the above allegations as if fully set forth herein.

112.   Pursuant to California Labor Code § 2699.3,

(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged

SECOND AMENDED CLASS ACTION COMPLAINT

to have been violated, including the facts and theories to support the alleged violation.

(2) (A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

113.     On February 12, 2018, Plaintiff complied with the notice requirements pursuant to California Labor Code § 2699.3 and gave written notice via online filing and certified mail of the specific provisions alleged to have been violated to the Labor and Workforce Development Agency ("LWDA") and Defendant. A true and correct copy of the notice is attached hereto as Exhibit A and incorporated herein by reference.

114.     Sixty-five (65) days has passed since Plaintiff provided written notice required by Labor Code § 2699.3. The LWDA has not indicated that it intends to investigate the violations alleged in the notice. Therefore, Plaintiff may commence a civil action pursuant to Labor Code § 269.3(a)(1)-(2).

115.     Plaintiff is an aggrieved employee as defined in Labor Code § 2699(c). Plaintiff brings this action on his own behalf and on behalf of other Aggrieved Employees.

116.     Plaintiff regularly worked in excess of five hours a day without being provided a meal period of not less than 30 minutes in which he was relieved of all duties, as required by California Labor Code §§ 226.7, 512 and Wage Order No. 4-

2001. In addition, Defendant failed to provide employees with a second 30-minute meal period for each workday in which an employee worked more than ten hours.

117.	In addition, as a result of U.S. Bank's policies, as well as productivity requirements and work schedules implemented and enforced by U.S. Bank, Plaintiff was often unable to take off duty meal periods and/or was not fully relieved of his duties for statutorily-required meal periods. Plaintiff was required to perform work as directed by U.S. Bank for more than five (5) and ten (10) hours during a workday (as the case may be) without receiving a lawful meal period(s) and without payment of one additional hour of pay at the employee's regular rate of pay for each workday that the meal period was not provided.

118.	Defendant further failed to pay Plaintiff the premium pay mandated by Labor Code § 226.7(c) and Wage Order No. 4-2001, subd. 11(B) for each workday he did not receive a timely uninterrupted meal period. As a result of violations of California Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, Defendant is liable for civil penalties pursuant to California Labor Code § 2698 et seq.

119.	Plaintiff regularly worked in excess of four hours or major fraction thereof a day without being provided a paid rest period of not less than 10 minutes in which he was relieved of all duties, as required by California Labor Code §§ 226.7 and Wage Order No. 4-2001. As a consequence of U.S. Bank's productivity requirements and work schedules implemented and enforced by U.S. Bank, Plaintiff was often unable to take a lawful net-ten-minute rest period for every four hours worked or major fraction thereof. Further, on shifts over ten hours, Plaintiff was not provided with a third rest period as required by law. U.S. Bank further failed to pay Plaintiff premium pay mandated by Labor Code § 226.7(c) and Wage Order No. 4-2001, subd. 12(B) for each workday they did not receive a paid rest period. As a result of violations of California Labor Code § 226.7 and Wage Order No. 4-2001,

U.S. Bank is liable for civil penalties pursuant to California Labor Code § 2698 et seq.

120.    As alleged herein, Defendant paid Plaintiff and Aggrieved Employees based on a recoverable draw against advances on commissions and did not separately compensate them for rest breaks in violation of Blueford v. Safeway Stores, Inc. (2013) Cal.App.4th 864 and Vaquero v. Stoneledge Furniture, LLC (2017) 9 Cal.App.5th 98.

121.    Defendant violated California Labor Code §§ 510, 1194 and IWC Wage Order 4-2001 by willfully failing to pay for all hours worked, including hourly wages for time spent on non-sales activities and rest periods to the Aggrieved Employees paid solely on commissions. By Defendant's failure to pay wages for hours during which non-sales activities were performed, including rest periods, Defendant failed to pay hourly wages, including minimum and overtime wages earned. In addition, the Aggrieved Employees are entitled to liquidated damages equal to unlawfully unpaid minimum wages with interest pursuant to Labor Code § 1194.2. As a result of violations of California Labor Code § 510, 1194 and Wage Order No. 4-2001, U.S. Bank is liable for civil penalties pursuant to California Labor Code § 2698 et seq.

122.    Defendant violated California Labor Code §§ 201 and 202 by willfully failing to pay all compensation due and owing to Plaintiff at the time employment was terminated. Defendant failed to pay Plaintiff all compensation due upon termination of employment as required under California Labor Code §§ 201 and 202, including meal and rest period premium pay and commissions.  Accordingly, Defendant violated California Labor Code §§ 201, 202, and 203, Defendant is liable for civil penalties pursuant to Labor Code § 2698 et seq.

123.    Defendant violated Labor Code § 226(a) by willfully failing to furnish Plaintiff with accurate, itemized wage statements showing the actual hours worked.

As described above, Defendant deliberately failed to pay wages for time worked and failed to pay meal and rest period premiums, and, therefore, knew or should have known that the wage statements were inaccurate. As a result of violations of California Labor Code § 226(a), Defendant is liable for civil penalties pursuant to California Labor Code § 2698 et seq.

124.    Labor Code § 558 provides:

"An employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1)    For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2)    For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recovery underpaid wages.

(3)    Wages recovered pursuant to this section shall be paid to the affected employee."

125.    Plaintiff and the Aggrieved Employees were underpaid wages as a result of the violations of the California Labor Code and Wage Order as alleged herein.

126.    As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff and the Aggrieved Employees are entitled to a civil penalty of fifty dollars ($50) for the initial pay period, and one hundred dollars ($100) for each

subsequent pay period for which Defendant violated the Labor Code and applicable Wage Order as alleged herein.

127.     As a further direct and proximate result of Defendant's conduct as alleged above, Plaintiff and the Aggrieved Employees sustained damages in the amount of their wage premiums for missed meal and rest periods and underpaid wages.

128.     Pursuant to Labor Code § 2698, et seq. Plaintiff seeks to recover civil penalties and underpaid wages as prescribed by the Labor Code Private Attorneys General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on Plaintiff and the Aggrieved Employees.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on issues triable to a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     That the Court determine this action may be maintained as a class action and certify the Class and each Sub-Class;

2.     For the attorneys appearing on the above caption to be named as Class counsel and Plaintiffs to be named as Class Representative;

3.     For nominal, actual, and compensatory damages;

4.     For economic and/or special damages in an amount according to proof with interest thereon;

5.     That the Court find that Defendant has engaged in unfair competition in violation of section 17200 of the Bus. & Prof. Code;

6.     That US Bank be ordered and enjoined to make restitution to the Plaintiffs and Class members due to their unfair competition pursuant to Bus. & Prof. Code sections 17203 and 17204;

SECOND AMENDED CLASS ACTION COMPLAINT

7.     For premium pay and penalties pursuant to Labor Code sections 203, 226, 226.7, 512;

9.     An award of penalties, attorneys' fees and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code sections 218.5 and 226; and

10.    For recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004, Labor Code § 2698, *et seq*.;

11.    For recovery of underpaid wages as prescribed by the Labor Code Private Attorneys General Act of 2004, Labor Code § 2698, *et seq*;

12.    An award of penalties, attorneys' fees and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code sections 2698, *et seq*.; and

13.    For such other and further relief as the Court deems just and proper.

Dated: September 9, 2019             Respectfully submitted,

**FARNAES & LUCIO, APC**

/s/ Malte L. L. Farnaes
Malte L. L. Farnaes

**HARTLEY, LLP**

/s/ Jason S. Hartley
Jason S. Hartley

**HAFFNER LAW PC**

/s/ Joshua H. Haffner
By: Joshua H. Haffner

Attorneys for Plaintiffs and
the Proposed Class

SECOND AMENDED CLASS ACTION COMPLAINT