# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JOHNSON and SCOTT SOLLITT, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant. | Case No.: 19-CV-286 JLS (LL)<br><br>**ORDER (1) GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br>**(2) GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>(ECF Nos. 37, 38) |

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Presently before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement ("Mot. for Approval," ECF No. 37). After reviewing the Settlement Agreement, the supporting documents filed in support of the Motion, and the documents and arguments received by the Court with regard to the Motion for Preliminary Approval of Class Action Settlement, the Court **GRANTS** the Motion for Final Approval of Class Action Settlement and **ORDERS AND MAKES THE FOLLOWING DETERMINATIONS**:

///
///

1. **Rule 23 Requirements Satisfied.**  For the purposes of the settlement, the Court finds the class meets the Rule 23(a) requirements of numerosity, commonality, typicality, and adequate representation and the Rule 23(b)(3) requirements of predominance and superiority.  Accordingly, for the reasons set forth in the Court's April 22, 2020 Order Granting Preliminary Approval of the Class Action settlement ("Prelim. Approval Order," ECF No. 33), which are adopted and incorporated herein by reference, the Court finds that the requirements of Rule 23 have been satisfied.

2. **Implementation of Settlement.**  This Order hereby adopts and incorporates by reference the terms and conditions of the Class Action Settlement Agreement ("Settlement Agreement," ECF No. 26-2, Ex. A), together with the definitions and terms used and contained therein.

3. **Jurisdiction.**  The Court finds that it has jurisdiction over the subject matter of this action and over all parties to it, including all members of the Settlement Class.

4. **Class Notice Adequate.**  On August 7, 2020, class action administrator Stephen Gomez of CPT Group, Inc. ("CPT" or "Class Administrator"), filed a declaration ("Gomez Decl.") detailing the actions taken with regard to this class action, including providing notice.  *See* Gomez Decl., ECF No. 39.  A review of the declaration and attached exhibits reveals that the Class Administrator provided notice in accordance with the Notice Plan.  Accordingly, the Court finds that the Settlement Class received adequate notice of the Settlement Agreement.  The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to submit claims, opt out, or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process.  The Class Notice fairly and adequately described the Settlement Agreement and provided Class Members with adequate instructions and a variety of means to obtain additional information.  The Court therefore finds the Class Notice adequate.

///

1  **5.  Class Members Bound.**  The Court determines that all Class Members who did not timely and properly opt out of the Settlement Agreement are bound by this Order. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class.  Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Class Members who did not timely and properly opt out.  These Class Members have released and forever discharged the Defendant for any and all Released Claims.

**6.  Fairness, Adequacy, Reasonableness.**  The Court has considered all relevant factors for determining the fairness of the Settlement Agreement and has concluded that all such factors weigh in favor of granting final approval.  Under Federal Rule of Civil Procedure 23(e)(2), the Court may approve a proposed settlement that would bind class members only after a hearing and on finding that the settlement is fair, reasonable, and adequate.  The Ninth Circuit has enumerated various factors that the Court should consider in determining whether a proposed settlement meets the fair, reasonable, and adequate standard, including: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) and the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This determination is committed to the sound discretion of the trial judge. *Id.*

In the Preliminary Approval Order, the Court addressed each of the *Hanlon* factors in turn and found that all the pertinent factors weighed in favor of approving the Class Settlement. *See* Prelim. Approval Order at 9–13.  Since that Order, no Class Members have filed objections and only one potential Class Member has opted out of the class action settlement.  Gomez Decl. ¶¶ 9–11.  Because no pertinent facts have changed since the

previous analysis, the Court affirms and adopts its analysis of the Rule 23(e) requirements as set forth in the Preliminary Approval Order. *See* Prelim. Approval Order at 9–13. Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

**7. Settlement Approved.** Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class. The Court hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

**8. Settlement Not an Admission of Liability.** The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

**9. Class Definition.** Final approval shall be with respect to:

**Settlement Class:** All individuals who were employed as mortgage loan originators in California at any time from July 13, 2014 until April 22, 2020.

**10. Class Representatives.** Plaintiff Steve Johnson, Scott Sollitt, and James Loud are suitable representatives and are hereby appointed the representatives for the Settlement Class. The Court finds the representatives' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests are aligned with those of the Settlement Class.

**11.    Plaintiffs' Counsel.**  The Court finds that the attorneys at Farnaes & Lucio, APC, Hartley LLP, Haffner Law PC, and Stevens LC have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class.  The Court therefore finds that these firms satisfy the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints Farnaes & Lucio, APC, Hartley LLP, Haffner Law PC, and Stevens LC as counsel for the Settlement Class.

**12.    Attorneys' Fees and Costs and Incentive Awards.**  The requests for Class Counsel's Attorneys' Fees and Costs and Incentive Awards are discussed below.

**13.    Claims Administration Costs.**  The Court approves claims administration costs and expenses in the amount of $14,500.00 to CPT.

**14.    PAGA Payment.**  The Court approves the $325,000.00 PAGA Payment, of which $243,750.00 (75%) will be paid to the Labor and Workforce Development Agency and the remaining $81,250.00 (25%) will be allocated to the Net Settlement Amount for distribution to the Participating Class Members.

**15.    Payment to Class.**  Defendant will pay Class Members pursuant to the procedure described in the Settlement Agreement.  Defendant will have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

**MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**

Also before the Court is Plaintiffs' Class Counsels' Motion for Attorneys' Fees, Costs, and Class Representative Awards (ECF No. 38).  Plaintiffs' Class Counsel seeks 33% of the $6,500,000.00 Maximum Settlement Fund totaling $2,145,000.00, and $12,118.89 in costs. Mot. for Attorneys' Fees at 11.  In addition, the Settlement Agreement provides for incentive payments of $25,000.00 for Loud and $15,000.00 each for Johnson and Sollitt.  *Id.*  Having reviewed the Settlement Agreement and the supporting documents filed in support of the Motion, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards and **ORDERS AND MAKES THE FOLLOWING DETERMINATIONS**:

**1.     Attorneys' Fees.**  In Plaintiffs' Motion for Preliminary Approval, Class Counsel requested fees of 33% of the Settlement Amount, totaling $2,145,000.00.  The Court finds that an award of 33% of the common fund is reasonable because of the complexity of the three cases involved, the favorable results achieved by Class Counsel in the Settlement Agreement without drawn out litigation, the risk Class Counsel assumed by taking this case on contingency, and the award being in line with the lodestar calculation.  This percentage of the common fund is in line with other attorneys' fees awards in California and the Ninth Circuit.  *See, e.g. Lafitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 506 (2016) (affirming one-third award); *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431 (E.D. Cal. July 2, 2013) (approving one-third award).

**2.     Costs.**  The Court finds the requested costs are appropriate.  The Court finds that counsel in this area would normally bill the requested costs separately from hourly rates to a paying client.  The Court also finds the costs are reasonable in light of the scope and complexity of this litigation.  Class Counsel expended $12,118.89 in costs, including court fees, delivery and messenger charges, mediation fees, copying expenses, and travel expenses.  No objections to these costs have been made.

**3.     Incentive Awards.**     The Court finds that the requested incentive awards of $15,000.00 each for Johnson and Sollitt, and $25,000.00 for Loud are reasonable.  The class representatives took on reputational risk by litigating claims against an employer or prospective employer.  Mot. for Attorneys' Fees at 32.  And the class representatives remained involved during this litigation.  *Id*.  Additionally, the class representatives will execute a general release that is broader than required by other Class Members.  *Id.*  The higher award for Loud is appropriate because Plaintiff Loud had his deposition taken, filed his case earlier than Johnson or Sollitt, and dismissed a pending DLSE claim to participate in the settlement.  *Id.*  Based on these factors, the requested incentive awards are approved.

///

///

///

## CONCLUSION

Based on the foregoing, the Court (1) **GRANTS** Plaintiffs' Motion for Final Approval of Class Action Settlement, and (2) **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Costs and for Incentive Awards.

The Court **HEREBY ENTERS FINAL JUDGMENT** in this case in accordance with the terms of the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement, and this Order. This Order constitutes a final judgment. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and the Court's Order granting the award of attorneys' fees, costs, class representative incentive award, and claims administration expenses.

**IT IS SO ORDERED.**

Dated: August 20, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge